[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 345.]

CINCINNATI BAR ASSOCIATION *v*. BROWN.

[Cite as *Cincinnati Bar Assn. v. Brown*, 1997-Ohio-209.]

*Attorneys at law—Misconduct—Permanent disbarment—Handling a legal matter one is not competent to handle—Failing to withdraw from employment when mental condition renders it unreasonably difficult to carry out employment effectively—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Engaging in conduct prejudicial to the administration of justice—Failing to seek lawful objectives of client—Failing to carry out contract of employment—Prejudicing or damaging client during course of professional relationship—Neglecting an entrusted legal matter—Engaging in conduct that adversely reflects on fitness to practice law—Knowingly making false statement of law or fact in representation of client—Failure to cooperate in disciplinary investigation.*

(No. 96-2372—Submitted February 19, 1997—Decided May 14, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 95-31.

————————

{¶ 1} On April 10, 1995, relator, Cincinnati Bar Association, filed a five-count complaint charging respondent, Stanley Brown of Covington, Kentucky, Attorney Registration No. 0041489, with violating a number of Disciplinary Rules. On August 3, 1995, relator filed an amended complaint, charging violation of other Disciplinary Rules in four additional counts. On March 21, 1996, relator filed a motion for default judgment. Respondent received the complaint and the amended complaint, but he failed to answer or otherwise plead within time.

{¶ 2} On September 27, 1995, the Supreme Court of Kentucky disbarred respondent from the practice of law in Kentucky. Thereafter respondent failed to

SUPREME COURT OF OHIO

respond to our order to show cause why he should not be suspended in Ohio under the reciprocal provisions of Gov.Bar R. V(11)(F). On May 3, 1996, we issued an order suspending respondent from the practice of law in Ohio until such time as he is reinstated to the practice of law in Kentucky.

{¶ 3} On the basis of relator's motion for default judgment, a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") made the following findings and conclusions. In December 1991, Dale Price retained respondent to pursue a malicious prosecution and defamation claim on his behalf, which respondent did in December 1993. Price was awarded a judgment of $1 because respondent did not provide evidence of damages. Price notified relator that respondent had filed an affidavit in a Kentucky action that prior to July 7, 1994, he was suffering from manic depression and was not capable of performing as an attorney. The panel concluded that respondent's actions in undertaking the representation of Price violated DR 6-101(A)(1) (handling a legal matter he knows he was not competent to handle), 2-110(B)(3) (failing to withdraw from employment where his mental condition renders it unreasonably difficult for him to carry out the employment effectively), 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) by concealing his disability from Price, and 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice).

{¶ 4} In April 1993, James Issac hired respondent to obtain a reversal of a juvenile court contempt finding, reduce Isaac's support payments, and establish specific visitation rights for him. Respondent pursued and obtained only the first of these objectives. The panel concluded that by this failure to act respondent had violated DR 7-101(A)(1) (failing to seek the lawful objectives of the client), (2) (failing to carry out a contract of employment), and (3) (prejudicing or damaging the client during the course of the professional relationship).

2

{¶ 5} After respondent filed a bankruptcy petition on July 5, 1994 for Robin Bryant and her former husband, Stephen, respondent failed to appear at the Section 341 meeting of creditors in their case, failed to respond to telephone calls and requests from the United States trustee for information about the Bryants' case, failed to appear at a hearing before the bankruptcy court to show cause why he should not return the fees paid to him by the Bryants, and failed to appear before the bankruptcy court on an order to show cause why sanctions should not be imposed for his conduct. Ultimately the bankruptcy judge suspended respondent from practicing in the bankruptcy court. The panel concluded that by this conduct respondent had violated DR 6-101(A)(1), 6-101(A)(3) (neglecting a legal matter entrusted to him), and 7-101(A)(1), (2), and (3).

{¶ 6} In the summer of 1994, respondent appeared in common pleas court on behalf of Steven Kippenberg and filed a motion to dismiss an action against him. Respondent, however, failed to appear at the hearing on the motion or at any of the three continued hearings. He also failed to appear at the hearing on whether he should be found to be in contempt. As a result, the common pleas court fined respondent $250 and sentenced him to a suspended sentence of one day in jail. The panel found that respondent's conduct in this instance violated DR 6-101(A)(1), 6-101(A)(3), 7-101(A)(1), (2), and (3), 1-102(A)(4) and (5), 1-102(A)(6)(engaging in conduct that adversely reflected on his fitness to practice law), and 7-102(A)(5) (knowingly making a false statement of law or fact in the representation of a client).

{¶ 7} Respondent failed to respond to five letters from relator with respect to these grievances and the panel concluded that such conduct violated Gov.Bar R. V(4)(G)(failure to cooperate in an investigation).

{¶ 8} Respondent undertook to defend Melinda Mather on a driving under the influence charge, but he failed to inform her of the final court date. When Mather failed to appear, a capias warrant for her arrest was issued. The panel

concluded that respondent's conduct violated DR 6-101(A)(1), 6-101(A)(3), and 7-101(A)(1), (2), and (3).

{¶ 9} Also, after Mather retained respondent in March 1994 to represent her in an employment discharge case, respondent failed to return her phone calls and failed to return her file. The panel concluded that respondent's conduct in this matter violated DR 6-101(A)(1), 6-101(A)(3), 7-101(A)(1), (2), and (3), and 9-102(B)(4) (failure to promptly deliver as requested by a client property in the possession of the lawyer which the client is entitled to receive).

{¶ 10} Patricia Ditomaso retained respondent on a contingent-fee basis in April 1994 to represent her in a personal injury lawsuit and respondent failed to file the suit before the running of the statute of limitations. The panel concluded that respondent's conduct violated DR 6-101(A)(1), 2-110(B)(3), 6-101(A)(3), 1-102(A)(4) and 7-101(A)(1), (2), and (3).

{¶ 11} Respondent also failed to cooperate with relator's counsel, Kevin Swick, in the investigation of the grievance filed by Mather. The panel concluded that this failure violated Gov.Bar R. V(4)(G).

{¶ 12} The only evidence which the panel received in mitigation was an affidavit from a Kentucky physician to the effect that respondent suffered from severe depression and was not capable of performing as an attorney during April, May, and June 1994, and a July 7, 1994 affidavit of respondent filed in a Kentucky case to support his withdrawal as counsel in that matter, averring that he was suffering from manic depression, that he had moved his office to Covington, Kentucky, and that his secretary had quit.

{¶ 13} The panel recommended that respondent be disbarred. The board adopted the findings of fact, conclusions of law, and the recommendation of the panel.

_____

*James L. O'Connell* and *Kevin L. Swick*, for relator.

_____

***Per Curiam.***

{¶ **14**} We concur with the findings, conclusions, and recommendation of the board.  Respondent is hereby permanently disbarred from the practice of law in Ohio.  Costs taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____